UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| CHAD L. WILLINGHAM,<br><br>　　　　Petitioner,<br><br>v.<br><br>TY DAVIS, ISCI Warden,<br><br>　　　　Respondent. | Case No. 1:25-cv-00252-DCN<br><br>**INITIAL REVIEW ORDER** |

Petitioner Chad L. Willingham filed a Petition for Writ of Habeas Corpus challenging his state court conviction and sentence. Dkt. 1. He later filed a "Petition for Abeyance." Dkt. 7. Having reviewed Petitioner's filings, the Court enters the following Order.

### STANDARD OF LAW FOR REVIEW OF PETITION

To bring a cognizable habeas corpus claim in federal court, a petitioner must allege that he is held in custody under a state court judgment that violates the Constitution, laws, or treaties of the United States. 28 U.S.C. § 2254(a). Summary dismissal is appropriate where "it plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4 of the Rules Governing Section 2254 Cases.

Before a habeas petitioner may present an issue for federal court review, he must first "give the state courts one full opportunity to resolve any constitutional issues by

invoking one complete round of the State's established appellate review process." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). This is called "exhaustion of state court remedies." In Idaho, that means presenting the claims to the Idaho Supreme Court in a procedurally proper manner. If a petitioner fails to properly exhaust his state court remedies, then his federal claims are deemed "procedurally defaulted," and the federal court is not authorized to adjudicate the merits of claims without the petitioner meeting a high standard to show that an exception to that rule applies.

## BACKGROUND

In a jury trial in Bannock County, Idaho, Petitioner was convicted of one count of lewd conduct with a child under age sixteen. He was sentenced to a term of imprisonment of 25 years fixed with life indeterminate. He pursued a direct appeal that was unsuccessful. He has a pending post-conviction action challenging his convictions and sentences. *See* Dkt. 1 at 3.

## REVIEW OF PETITION

Petitioner brings many claims, some of which are without a federal basis. To the extent that Petitioner has raised, or is currently raising, these claims *as federal claims* in his state appeal and collateral relief action (beginning in the state district court and ending in the Idaho Supreme Court), Petitioner will be permitted to pursue his claims.

However, for the reasons explained below, because Petitioner still has a state court action pending related to the same convictions at issue here, it is appropriate for the Court to stay this action until Petitioner's final state court action is completed. If he obtains relief in state court, he can voluntarily dismiss this action.

Federal district courts have discretion to stay a mixed habeas petition containing exhausted and unexhausted claims to allow the petitioner to present his unexhausted claims to the state court and then return to federal court for review of his perfected petition. *Rhines v. Weber*, 544 U.S. 269, 277 (2005). Staying the case preserves the original filing date of the claims asserted in the original petition for statute of limitations purposes.

In determining whether to grant a stay, the district court should consider whether the petitioner had good cause for his failure to exhaust prior to filing, whether his unexhausted claims are potentially meritorious, and whether there is any indication that the petitioner engaged in intentionally dilatory litigation tactics. *Id*. at 277-78. To meet the "good cause" standard, a petitioner typically must bring forward sufficient evidentiary support to show a reasonable excuse justifying his failure to exhaust. *Blake v. Baker*, 745 F.3d 977, 982 (9th Cir. 2014).

Here, the Court finds that good cause exists from Petitioner's filings, and it will stay this case pending completion of Petitioner's state post-conviction matter. Petitioner brings some cognizable constitutional claims, he has been steadily pursuing relief in the state court system, and there is no indication that Petitioner intentionally delayed bringing the claims he is now pursuing in state court.

The Court now informs Petitioner of two important procedural considerations that may impact his case.

First, if a petitioner plans to later amend his federal petition with newly-exhausted claims he is currently pursuing in a pending state post-conviction action, he may instead want to amend now for federal statute of limitations purposes. The habeas corpus statute

INITIAL REVIEW ORDER - 3

of limitations contains a tolling provision that stops or suspends the one-year limitations period from running only during the time in "which a *properly filed* application for State postconviction or other collateral review … is pending." 28 U.S.C. § 2244(d)(2) (emphasis added). If a petitioner files a *procedurally improper* state post-conviction action, then that action cannot toll the federal statute. But, unfortunately, the petitioner usually does not receive a state court order informing him that a post-conviction action is procedurally improper until *after* the federal statute of limitations has expired, causing loss of the claims he had hoped to exhaust in the state post-conviction matter. Once a federal statute of limitations has expired, it cannot be reinstated or resurrected by a later-filed state court action. *See Ferguson v. Palmateer*, 321 F.3d 820, 823 (9th Cir. 2003) ("section 2244(d) does not permit the reinitiation of the limitations period that has ended before the state petition was filed").

     A second important federal statute of limitations consideration is that habeas corpus "[a]mendments made after the statute of limitations has run relate back to the date of the original pleading [*only*] if the [1] original and [2] amended pleadings "ar[i]se out of the conduct, transaction, or occurrence. Rule 15(c)(2)." *Mayle v. Felix*, 545 U.S. 644, 655 (2005) (parentheticals and emphasis added), *overruled on other grounds by Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 562–63 (2007). Because Federal Rule of Civil Procedure 15 (governing amendment in civil cases) is applied in conjunction with the "more demanding" Rule 2(c) of the Rules Governing Section 2254 Cases, the words "same conduct, transaction, or occurrence" do not mean simply "the same 'trial, conviction, or sentence.'" *Felix*, 545 U.S. at 664.

Rather, relation back is proper only when "original and amended petitions state claims that are tied to a common core of operative facts." *Id.* This means that new *different* claims asserted in an amended petition years after the original petition may be deemed years too late. For these reasons, it is often a safer route for petitioners to file their amended petition at the time the stay is granted, rather than at the time the post-conviction action is completed.

Here, Petitioner must amend his original Petition for another reason—to state a federal basis for each claim. For the statute of limitations reasons set forth above, he may also desire to include in the amendment additional claims in his pending post-conviction matter that are not asserted in his original federal petition. The additional claims also need to state a federal basis. If he is unsure of the federal basis of a claim, he should review his state court briefing; if he still cannot make that determination, he may bring the claim in the amended petition, and the Court will review it and make that determination.

## ORDER

**IT IS ORDERED:**

1. Petitioner's Application for in Forma Pauperis Status (Dkt. 4) is GRANTED.

2. Petitioner's Petition for Abeyance (Dkt. 7) is GRANTED. This action is stayed pending completion of Petitioner's state court post-conviction matter and final appeal, including a petition for review to the Idaho Supreme Court of any opinion of the Idaho Court of Appeals.

3. Petitioner must file an amended petition within **60 days** after entry of this Order. The purpose of the amended petition is to clearly set forth a federal basis for

each claim and to include any federal claims that are being asserted in post-conviction proceedings that may not already be included in the original petition.

4. Other than an amended petition, the parties shall not file anything further in this case while they are awaiting completion of the currently-pending state court action.

5. When the state court action is completed, including through the level of the Idaho Supreme Court, Petitioner must file a motion to re-open this case or a notice of dismissal within 30 days after the Idaho Supreme Court remittitur is issued.

DATED: August 19, 2025

_____
David C. Nye
Chief U.S. District Court Judge